UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DR. LILIBETH PRADHANANG,<br><br>    Defendant. | Civil Action No. 24-1281 (SDW-AME)<br><br>MEMORANDUM ORDER |

**IT APPEARING THAT:**

1. On or about March 1, 2024, Plaintiff David Sanchez, a pretrial detainee in Bergen County Jail in Hackensack, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1).

2. Instead of paying the filing fee, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) (ECF No. 1-1). His application will be granted because it establishes his financial eligibility to proceed without prepayment of the filing fee.

3. When a plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. Plaintiff alleges Dr. Lilibeth Pradhanang, a nurse practitioner at Bergen County Jail, "violated my Eighth Amendment right to proper medical care." (ECF No. 1 at 3.) Plaintiff is a pretrial detainee. Therefore, the Fourteenth Amendment, rather than the Eighth Amendment, governs his inadequate medical care claim, although the standard is the same. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). To allege a Fourteenth Amendment claim of inadequate medical care, a plaintiff must allege facts, not legal conclusions, showing the defendant was deliberately indifferent to his serious medical need. *Id.* Plaintiff's claim is nothing more than a legal conclusion. Therefore, the Court will dismiss the complaint without prejudice, with leave to file an amended complaint.

6. Plaintiff revealed in his complaint that he filed another lawsuit arising out of the same facts, *Sanchez v. Lundy*, Civil Action No. 23-22947 (MCA-JSA) (D. N. J.) (ECF No. 1 at 9.) This Court takes judicial notice, under Federal Rule of Civil Procedure 201(b), of the docket in *Sanchez v. Lundy*, 23-22947 (MCA-JSA). On December 7, 2023, Plaintiff filed a complaint against Dr. James Lundy at Bergen County Jail, alleging he failed to treat Plaintiff for internal bleeding in October 2023. Plaintiff's IFP application was denied in that action on March 25, 2024, because Plaintiff did not submit his prisoner trust account statement with his IFP application. The case was administratively terminated. Plaintiff filed an amended IFP application on May 2, 2024,

which remains pending in that action. If Plaintiff wishes to join his two related cases, Plaintiff may file an amended complaint in Civil Action No. 23-22947 (MCA-JSA), rather than filing an amended complaint in this matter and proceeding in two separate but related lawsuits.

7. In conclusion, the Court will grant Plaintiff's IFP application and dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. An appropriate Order follows.

DATE: July 12, 2024

_____
Hon. Susan D. Wigenton,
United States District Judge